J. A21044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
              v.             :
                                   :
RAYMOND MOON,              :       No. 2212 EDA 2018
                                   :
             Appellant     :

Appeal from the Judgment of Sentence Entered August 9, 2010,
and from the Order, July 10, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006530-2008

BEFORE:  LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 20, 2020**

Raymond Moon appeals, *nunc pro tunc*, from the judgment of sentence entered on August 9, 2010.  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  We note the PCRA court elected not to file an opinion in this matter.

On July 29, 2010, after a waiver trial, the trial court found appellant guilty of one count each of voluntary manslaughter and possession of an

instrument of crime ("PIC"),[1] following the November 3, 2007 fatal shooting of appellant's girlfriend. On August 9, 2010, the trial court sentenced appellant to 9-18 years' imprisonment for voluntary manslaughter and a consecutive 1-2 years' imprisonment for PIC; resulting in an aggregate term of 10-20 years' imprisonment. Appellant did not file a direct appeal.

On July 13, 2011, appellant, acting **pro se**, filed a timely PCRA petition. In the petition, appellant averred there were errors in the sentencing process and trial counsel was ineffective for not filing a requested post-sentence motion and direct appeal challenging the alleged errors. (PCRA petition, 7/13/11 at 3-5, 7.) For reasons which are not apparent from the record, the PCRA court did not take any action on the petition until February 14, 2012, when it appointed counsel. Counsel did not take any action in the matter.

On August 7, 2015, despite being represented by counsel, appellant filed an amended PCRA petition. In the petition, appellant challenged the legality of his sentence. (Amended PCRA petition, 8/7/15 at unnumbered pages 2-4.)

On October 25, 2016, PCRA counsel filed a **Turner**/**Finley**[2] no-merit letter and a motion to withdraw as counsel. In the letter, counsel stated appellant's claims of ineffective assistance of counsel, and his two challenges to his sentence lacked merit. (**Turner**/**Finley** letter, 10/25/16 at 2-8.)

---

[1] 18 Pa.C.S.A. §§ 2503(a)(1) and 907(1), respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

Approximately, four months later, despite his filing of a ***Turner***/***Finley*** letter, counsel filed an amended PCRA petition. In the petition, counsel acknowledged appellant's claim trial counsel was ineffective for failing to file a requested post-sentence motion and direct appeal could not, "be addressed under ***Finley***[,]" and therefore requested an evidentiary hearing on that issue. (Amended PCRA petition, 2/14/17 at 1-2.) However, counsel also stated, "All the other issues raised in the ***Finley*** Letter-No Merit Letter stand."[3] (***Id.***) On April 18, 2017, the Commonwealth filed a response stating, while it believed appellant's claim trial counsel was ineffective for failing to file a post-sentence motion lacked merit, it did not oppose an evidentiary hearing on appellant's claim trial counsel failed to file a requested direct appeal. (Commonwealth's letter-brief, 4/18/17 at 1-2.)

On April 19, 2017, based upon PCRA counsel's ***Turner***/***Finley*** letter, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. (***See*** Rule 907 notice, 4/19/17 at unnumbered page 1). Appellant did not file a response.

---

[3] This court has never seen a case in which appointed counsel filed first a ***Turner***/***Finley*** letter and then an amended PCRA petition. The reason for allowing counsel to file an amended PCRA petition is for counsel to winnow out the non-meritorious claims and focus on the meritorious ones. If a PCRA petitioner has a single claim of arguable merit, counsel should pursue it. Counsel cannot simultaneously prosecute the meritorious claim while seeking to withdraw from the case for lack of merit.

Despite the issuance of the Rule 907 notice, without ruling on the pending motion to withdraw, and without explanation or holding a hearing,[4] by order of July 10, 2018, the PCRA court granted the petition and reinstated appellant's direct appeal rights.[5]

On July 26, 2018, appellant filed a notice of appeal. On September 26, 2018, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply. On February 13, 2019, the PCRA court filed a second Rule 1925(b) order. In response to the court's order to file a statement of errors complained of on appeal, appellant's counsel filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[6] Consequently, the court declined to issue

---

[4] In the order, the PCRA court states the Commonwealth agreed to the reinstatement of appellant's direct appeal rights. (Order, 7/10/18 at unnumbered page 1.) However, this is not reflected in the record, the record demonstrates the Commonwealth agreed to an evidentiary hearing on the issue. (Commonwealth's letter-brief, 4/18/17 at 1.)

[5] The PCRA court did not reinstate appellant's right to file a post-sentence motion.

[6] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court

a Pa.R.A.P. 1925(a) opinion and had the record certified for transmittal to this court.

On August 16, 2019, counsel having failed to file a brief, this court remanded the matter to the PCRA court for a determination of whether counsel had abandoned appellant on appeal. On September 16, 2019, the trial court responded to this court, finding, after a hearing, counsel had not abandoned appellant but had previously been unable to file a brief because of health issues. (Trial court letter, 9/16/19 at unnumbered page 1.) On November 24, 2019, counsel, Attorney Earl G. Kauffman, filed a motion to withdraw as counsel and an **Anders** brief.

"When presented with an **Anders** brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

---

may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

- 5 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (citation and internal quotation marks omitted).

- 6 -

Instantly, we conclude Attorney Kauffman has satisfied the technical requirements of *Anders* and *Santiago*. Attorney Kauffman has identified the pertinent factual and procedural history and made citation to the record. Attorney Kauffman has also raised multiple claims on appellant's behalf that could arguably support an appeal, but ultimately concludes the appeal is wholly frivolous. (*See Anders* brief at 8-14.) Attorney Kauffman has also attached to his petition a letter to appellant, which meets the notice requirements of *Millisock*. Appellant did not file a response. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

On appeal, appellant raises the following issues:

1. Whether the appellant received a sentence higher than what the Judge stated on the record[?]

2. Whether trial counsel was ineffective for failing to file a motion for reconsideration of sentence and for an appeal as requested[?]

3. Whether the appellant's sentence is illegal and unconstitutional based on *Alleyne v. U.S.*[, 570 U.S. 99 (2013)][?]

*Anders* brief at 4.

Initially, as noted above, based upon appellant's notice of appeal, his statement of the questions involved, and the argument contained in his brief (*see Anders* brief at 8-14), appellant has filed what appears to be an attempt at a hybrid appeal, appealing from the judgment of sentence and also

appealing from the grant of his PCRA petition. There is no legal support for such a hybrid appeal.

Once the PCRA court reinstates direct appeal rights, the judgment of sentence is no longer final; thus, the initial PCRA petition is a nullity so there cannot be an appeal from it. *See Commonwealth v. Leslie*, 757 A.2d 984, 985-986 (Pa.Super. 2000) (holding PCRA petition may be filed only after appellant has waived or exhausted direct appeal rights); *Commonwealth v. O'Neil*, 573 A.2d 1112, 1116 (Pa.Super. 1990) (holding PCRA petition filed during pendency of direct appeal is premature). Thus, we find appellant's "appeal" of the grant of his PCRA petition is a legal nullity.

In his first issue on appeal, appellant contends the sentence on the sentencing order is higher than the sentence the trial court imposed at sentencing. (*Anders* brief at 9-11.) We have reviewed both the sentencing hearing transcript and the sentencing order and agree with counsel, the record belies this claim. At the hearing, the trial court sentenced appellant to a term of 1-2 years' imprisonment for PIC to be served consecutively to a term of 9-18 years' imprisonment for voluntary manslaughter; for an aggregate term of incarceration of 10-20 years' imprisonment. (Notes of testimony, 8/9/10 at 27-28.) This is identical to what is contained in the sentencing order. (Sentencing order, 8/9/10 at unnumbered page 1.) As the record belies appellant's contention, his first claim is frivolous.

In his second claim, appellant contends trial counsel was ineffective for not filing a requested post-sentence motion and direct appeal. This ineffectiveness claim, however, is premature.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Supreme Court of Pennsylvania reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576. Although there are three recognized exceptions to that general rule, no exception is applicable here.[7] Accordingly, appellant's ineffective assistance of counsel claim is not cognizable on direct appeal and must await collateral review.

---

[7] The **Holmes** court recognized two exceptions: (1) where the trial court determines a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, 79 A.3d at 564, 577 (footnote omitted). Our supreme court adopted a third exception for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018) ("[W]here the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with Appellant that the reasoning in **Holmes** applies with equal force to these circumstances").

Lastly, appellant argues his sentence is illegal under ***Alleyne***, ***supra***. (***Anders*** brief at 12-13.) It is axiomatic, "challenges to an illegal sentence can never be waived and may be reviewed ***sua sponte*** by this Court." ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa.Super. 2013) (citation omitted). Further, Pennsylvania law does not tolerate an illegal sentence, for "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.Super. 2011) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Hopkins***, 67 A.3d 817, 821 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 78 A.3d 1090 (Pa. 2013). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is ***de novo***, and our scope of review is plenary." ***Commonwealth v. Delvalle***, 74 A.3d 1081, 1087 (Pa.Super. 2013) (citations omitted).

In ***Alleyne***, the Supreme Court of the United States held "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Alleyne***, 570 U.S. at 116. "The ***Alleyne*** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's

sentence based on a preponderance of the evidence standard." ***Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa.Super. 2013) (***en banc***) (footnotes omitted), ***appeal denied***, 95 A.3d 277 (Pa. 2014).

Here, there is nothing in the record to suggest appellant is serving a mandatory sentence. (***See*** notes of testimony, 8/9/10 at 26-28.) Therefore, the holding of ***Alleyne*** does not apply to this case. Rather, it appears appellant may have confused the sentencing enhancement for use of a deadly weapon with a mandatory minimum sentence. However, this claim lacks merit. (***Id.*** at 26.)

With respect to this issue, our court has stated:

> ***Alleyne*** has no application to the sentencing enhancements at issue in this case. The parameters of ***Alleyne*** are limited to the imposition of mandatory minimum sentences, ***i.e.***, where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which

- 11 -

> is one of the elements of an ***Apprendi***[8] or ***Alleyne*** analysis—the enhancements that the trial court applied in this case are not unconstitutional under ***Alleyne***.

***Commonwealth v. Ali***, 112 A.3d 1210, 1226 (Pa.Super. 2015), ***vacated and remanded on other grounds***, 149 A.3d 29 (Pa. 2016).   Appellant's third and final claim lacks merit.

Motion to withdraw as counsel granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/20

---

[8] ***Apprendi v. New Jersey***, 530 U.S. 466 (2000).